2022 IL App (4th) 200666

NO. 4-20-0666

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 20, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| CALVIN L. SMITH, | ) | No. 00CF1349. |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott D. Drazewski, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court, with opinion.
Presiding Justice Knecht and Justice Cavanagh concurred in the judgment and opinion.

**OPINION**

¶ 1    On remand from this court, defendant, Calvin L. Smith, filed an amended and a second-amended successive postconviction petition challenging his *de facto* life sentence under *Miller v. Alabama*, 567 U.S. 460 (2012), and its progeny. The State filed an answer conceding defendant was entitled to a new sentencing hearing. After a December 2020 sentencing hearing, the McLean County circuit court sentenced defendant to consecutive prison sentences of 22 years for first degree murder and 6 years for armed robbery. Defense counsel filed a motion to reconsider defendant's sentence, and defendant filed *pro se* an addendum to the motion. After a hearing, the court denied the motion to reconsider defendant's sentence.

¶ 2    Defendant appeals, asserting the circuit court abused its discretion by increasing defendant's first degree murder sentence from the statutory minimum, based in part on the

aggravating factor of deterring others when defendant was a minor at the time of the offense. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4                                    A. Trial Proceedings

¶ 5        In November 2000, a grand jury indicted defendant on single counts of intentional, knowing, and felony murder (720 ILCS 5/9-1(a)(1), (2), (3) (West 2000)) for the November 8, 2000, death of Mahendra Patel. The grand jury also indicted defendant on single counts of armed robbery (720 ILCS 5/18-2(a)(4) (West 2000)) and aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2000)). The aggravated battery indictment was later dismissed. Each of the four remaining charges stated the offense was subject to an enhanced penalty under section 5-8-1(a)(1)(d)(iii) of the Unified Code of Corrections (730 ILCS 5/5-8-1(a)(1)(d)(iii) (West Supp. 1999)), which provided that, "if, during the commission of the offense, the person personally discharged a firearm that proximately caused *** death to another person, 25 years or up to a term of natural life shall be added to the term of imprisonment imposed by the court."

¶ 6        After a 2001 trial, a jury found defendant guilty of armed robbery and returned a general verdict of guilty for first degree murder. The jury also found defendant personally discharged the firearm that killed Patel. Defendant was 17 at the time of the offenses. At a December 17, 2001, joint hearing, the circuit court denied defendant's posttrial motion and sentenced him to 55 years' imprisonment on one count of first degree murder (knowing) to run consecutively with 31 years' imprisonment for armed robbery, resulting in an aggregate prison sentence of 86 years. Defendant filed a motion to reduce his sentence, which the court denied.

¶ 7                                    B. Direct Appeal

¶ 8        On direct appeal, this court affirmed the circuit court's judgment with the

modification that defendant's knowing-murder conviction should be vacated, his intentional-murder conviction should be reinstated, and the cause remanded for resentencing on the intentional-murder conviction. *People v. Smith*, 347 Ill. App. 3d 1127, 867 N.E.2d 127 (2004) (table) (unpublished order under Illinois Supreme Court Rule 23). Defendant filed a petition for leave to appeal, which the Illinois Supreme Court denied. *People v. Smith*, 211 Ill. 2d 607, 823 N.E.2d 976 (2004) (table). In January 2005, the circuit court amended the sentencing judgment to reflect defendant was sentenced to 55 years' imprisonment for intentional first degree murder. The court did not hold a new sentencing hearing on remand.

¶ 9                          C. Prior Collateral Proceedings

¶ 10          In April 2007, defendant filed *pro se* a petition for postconviction relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2006)). In July 2007, the circuit court summarily dismissed defendant's postconviction petition, finding it frivolous and patently without merit. This court affirmed the dismissal. *People v. Smith*, 382 Ill. App. 3d 1229, 967 N.E.2d 504 (2008) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 11          In September 2007, while his postconviction petition appeal was pending, defendant filed *pro se* a motion seeking posttrial relief under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West Supp. 2007)) based on a codefendant's claim defendant was actually innocent of first degree murder. The circuit court found defendant's motion was untimely because it was filed more than two years after the judgment of conviction. It also concluded the evidence of defendant's guilt was overwhelming and found no merit in the motion. Accordingly, the court *sua sponte* entered judgment against defendant. This court affirmed the circuit court's judgment. *People v. Smith*, 388 Ill. App. 3d 1153, 982 N.E.2d 293 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 12        In September 2009, defendant filed *pro se* his first motion for leave to file a successive postconviction petition, claiming he had newly discovered evidence of actual innocence. In February 2010, the circuit court denied the motion for leave to file a successive postconviction petition, finding defendant had raised some of the issues in prior proceedings and the claims of actual innocence were not based upon any newly discovered evidence. Defendant appealed the denial, and this court granted the Office of the State Appellate Defender's motion for leave to withdraw and affirmed the circuit court's judgment. *People v. Smith*, 2011 IL App (4th) 100167-U, *appeal denied*, No. 113384 (Ill. Jan. 25, 2012).

¶ 13        While his appeal from the denial of his first request to file a successive postconviction petition was pending, defendant filed *pro se* a second motion for leave to file a successive postconviction petition in November 2010. In the attached postconviction petition, defendant again claimed actual innocence based on newly discovered evidence. In September 2011, the circuit court denied defendant's second motion for leave to file a successive postconviction petition, again finding defendant's actual innocence claim was not based on newly discovered evidence. Defendant appealed the denial, and this court affirmed the denial of defendant's second motion for leave to file a successive postconviction petition. *People v. Smith*, 2013 IL App (4th) 110876-U, ¶ 37, *appeal denied*, No. 116146 (Ill. Sept. 25, 2013). However, on appeal from the denial of his second motion for leave to file a successive postconviction petition, defendant also argued the 25-year sentence enhancement for personally discharging a firearm that caused the death of another during the commission of an armed robbery violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). The State conceded the argument, and this court agreed. *Smith*, 2013 IL App (4th) 110876-U, ¶ 39. We vacated defendant's 31-year sentence for armed robbery and remanded the cause for resentencing on

defendant's armed robbery conviction with a sentencing range of 6 to 30 years in prison. *Smith*, 2013 IL App (4th) 110876-U, ¶¶ 45-46. On remand for resentencing on the armed robbery conviction, the circuit court sentenced defendant to 10 years' imprisonment for armed robbery to run consecutive to his 55-year prison sentence for first degree murder, which resulted in an aggregate prison sentence of 65 years.

¶ 14        In October 2014, defendant filed *pro se* his third motion for leave to file a successive postconviction petition. Defendant again claimed actual innocence based on newly discovered evidence and raised a claim his due process rights were violated because the judge who decided his first two motions for leave to file a successive postconviction petition was the prosecutor that signed and filed the original charges in this case. In January 2015, the circuit court granted defendant leave to file a successive postconviction petition and appointed defendant counsel. In February 2016, the State filed a motion to dismiss defendant's successive postconviction petition, which the circuit court granted. Defendant appealed, and this court affirmed the dismissal of defendant's third motion for leave to file a successive postconviction petition. *People v. Smith*, 2018 IL App (4th) 160308-U, ¶ 63.

¶ 15        In May 2017, while his appeal from the dismissal of his 2014 successive postconviction petition was pending, defendant filed *pro se* his fourth motion for leave to file a successive postconviction petition. In his fourth motion, defendant asserted his 65-year sentence was unconstitutional as applied to him under the eighth amendment of the United States Constitution (U.S. Const., amend. VIII) and the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11) because it was a *de facto* life sentence. In October 2017, the circuit court denied defendant's motion. Defendant appealed, and this court remanded the cause to the circuit court for further proceedings on defendant's May 2017 successive postconviction

petition. *Smith*, 2018 IL App (4th) 160308-U, ¶ 81. On remand, defendant was appointed counsel, who filed an amended successive postconviction petition and a second-amended successive postconviction petition. The State conceded defendant was entitled to a new sentencing hearing because his 65-year sentence was a *de facto* life sentence.

¶ 16                                    D. Resentencing

¶ 17        On December 3, 2020, the circuit court held a new sentencing hearing. The State did not present any evidence in aggravation beyond the presentence report. Defendant presented (1) a November 12, 2020, forensic psychological evaluation by Brooke Kraushaar, (2) a group exhibit of character letters and certificates of completion, and (3) a three-page document from the Illinois Department of Corrections website. Defendant also made a statement in allocution expressing remorse. In its argument, the State did not assert defendant's crime reflected irreparable corruption. It further took no position on the length of sentences for defendant's crimes but asserted the two sentences should run consecutively. Defendant requested the minimum sentences for both crimes. After hearing the parties' arguments, the court found defendant's conduct did not show irretrievable depravity, permanent incorrigibility, or irreparable corruption beyond the possibility of rehabilitation. The court first sentenced defendant to six years for armed robbery to run consecutive to the sentence for first degree murder. The court stated, *inter alia*, the following regarding the sentence for first degree murder:

> "But I can't in good conscience, and within my discretion as well, impose the statutory mandated minimum of 20 years. And I am going to explain why. One, he was the shooter, as I have already explained, more culpable with the commission of the offense than the others. And the second reason is the statute when it talks about factors in aggravation, talks about deterrence, it doesn't talk about retribution.

And so retribution is not a factor, and although I am aware that the family of Mr. Patel take no interest or have no opinion with regard to what sentence ought or should be imposed because they want to leave this behind them, that the court, nonetheless, needs to consider the issue of deterrence as it would have an impact upon others in society who could otherwise or may otherwise think about committing this type of an offense. So, I am going to impose a 22-year sentence for the murder."

¶ 18 Defense counsel filed a motion to reconsider defendant's sentence and a memorandum of law in support of the motion. The motion asserted defendant's armed robbery conviction should be vacated or, in the alternative, the court should allow defendant's first degree murder and armed robbery convictions to be served concurrently. The motion also claimed defendant's sentences were excessive in light of the evidence presented at the sentencing hearing and the court did not follow article I, section 11 of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). Defendant filed *pro se* a motion to reconsider, asserting his aggregate 28-year prison sentence violated the rehabilitation clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11), the deterrence of the offender and others could not be considered an aggravating factor under *Miller*, the deterrence aggravating factor violated the rehabilitation clause, and his mandatory consecutive sentences violated *Miller*. Defendant also requested his first degree murder sentence be reduced to 20 years' imprisonment.

¶ 19 On December 29, 2020, the circuit court held a hearing on the motion to reconsider defendant's sentence. At defense counsel's request, the court considered defendant's *pro se* motion as an addendum to defense counsel's motion to reconsider defendant's sentence. After hearing the parties' arguments, the court denied the motion to reconsider. As to the deterrence of others, the

court found the facts of *People v. McKinley*, 2020 IL App (1st) 191907, 176 N.E.3d 166, cited by defendant, were distinguishable. Moreover, the court noted the *McKinley* court's finding the trial judge gave improper weight to the deterrence factor did not mean "the court was constrained to apply no weight to deterrence as a factor." Additionally, the court found the United States Supreme Court's decision in *Montgomery v. Louisiana*, 577 U.S. 190 (2016), did not say deterrence was not to be considered in a juvenile sentencing hearing. The court also pointed out the Illinois Constitution calls for a balancing of the retributive and rehabilitative purposes of punishment.

¶ 20    On December 30, 2020, defendant filed his notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). On January 8, 2021, defendant filed a timely amended notice of appeal, clarifying his appeal was from his resentencing and the denial of his motion to reconsider. See Ill. S. Ct. Rs. 606(d), 303(b)(5) (eff. July 1, 2017). Accordingly, this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 603 (eff. Feb. 6, 2013).

¶ 21                                    II. ANALYSIS

¶ 22    While defendant uses the language the circuit court "abused its discretion" in sentencing him to 22 years' imprisonment for first degree murder, he is essentially arguing a circuit court cannot as a matter of law consider the aggravating factor of deterrence (730 ILCS 5/5-5-3.2(a)(7) (West Supp. 2019)) in sentencing a person who committed the offense as a juvenile. Here, defendant's sentence was only two years above the minimum sentence, and the circuit court also noted, in sentencing defendant above the statutory minimum, defendant was the person who actually shot the victim. As such, the weight given to the deterrence factor was very little in this case, as evidenced by defendant's request in his appellant brief for only a one-year reduction in his sentence. Thus, to find the circuit court gave improper weight to the deterrence

factor would be tantamount to finding no weight can be given at all to deterrence. Since defendant presents a question of law, our standard of review is *de novo*. See *People v. Kinnerson*, 2020 IL App (4th) 170650, ¶ 40, 170 N.E.3d 142.

¶ 23         Since 2005, the United States Supreme Court has written several decisions regarding the appropriateness of sentences for offenders who were under the age of 18 when they committed their crimes and has found the eighth amendment prohibits certain harsh sentences for such offenders. First, in *Roper v. Simmons*, 543 U.S. 551, 578 (2005), the Court held the death penalty unconstitutional for juvenile offenders. It concluded neither retribution nor deterrence, the two distinct social purposes served by the death penalty, provided adequate justification for imposing the death penalty on juvenile offenders. *Roper*, 543 U.S. at 572. As to deterrence, the Court explained it was unclear whether the death penalty had a significant or even measurable deterrent effect on juveniles. *Roper*, 543 U.S. at 571. The absence of evidence of a deterrent effect concerned the *Roper* Court because the same characteristics that render juveniles less culpable than adults also suggests juveniles will be less susceptible to deterrence. The *Roper* Court quoted the following observation from the plurality in *Thompson v. Oklahoma*, 487 U.S. 815 (1988): " '[t]he likelihood that the teenage offender has made the kind of cost-benefit analysis that attaches any weight to the possibility of execution is so remote as to be virtually nonexistent.' " *Roper*, 543 U.S. at 571-72 (quoting *Thompson*, 487 U.S. at 837). The Court noted, to the extent the juvenile death penalty might have residual deterrent effect, the punishment of life imprisonment without the possibility of parole is itself a severe sanction, particularly for a young person. *Roper*, 543 U.S. at 572.

¶ 24         Next, in *Graham v. Florida*, 560 U.S. 48, 74 (2010), the Supreme Court concluded a life sentence without the possibility of parole for juveniles not convicted of homicide was

unconstitutional. As to that punishment, the Court found none of the legitimate goals of penal sanctions—retribution, deterrence, incapacitation, and rehabilitation—provided an adequate justification for the punishment. *Graham*, 560 U.S. at 71. With regard to deterrence, the Court first cited the language from *Roper* that juveniles are less susceptible to deterrence. *Graham*, 560 U.S. at 72. It then recognized the following: "Because juveniles' 'lack of maturity and an underdeveloped sense of responsibility…often result in impetuous and ill-considered actions and decisions,' *Johnson v. Texas*, 509 U.S. 350, 367 (1993), they are less likely to take a possible punishment into consideration when making decisions." *Graham*, 560 U.S. at 72. The Court emphasized that was particularly so when the punishment was rarely imposed. *Graham*, 560 U.S. at 72. While it was "perhaps plausible" the sentence could be a deterrent in a few cases, the punishment cannot be "grossly disproportionate in light of the justification offered." *Graham*, 560 U.S. at 72. The Court concluded, "in light of juvenile nonhomicide offenders' diminished moral responsibility, any limited deterrent effect provided by life without parole is not enough to justify the sentence." *Graham*, 560 U.S. at 72.

¶ 25        Third was the decision in *Miller*, 567 U.S. at 489, where the Supreme Court found unconstitutional a sentencing scheme that mandated life in prison without the possibility of parole for juvenile offenders, including those convicted of homicide. The Court did not foreclose sentencing a juvenile convicted of homicide to life in prison, but it emphasized the judge or jury must have the opportunity to consider mitigating factors—including the offender's youth and attendant characteristics—before imposing the harshest possible penalty on a juvenile. *Miller*, 567 U.S. at 483, 489. In its analysis, the Court noted its prior decisions in *Roper* and *Graham* emphasized "the distinctive attributes of youth diminish the penological justifications for imposing the harshest sentences on juvenile offenders, even when they commit terrible crimes." *Miller*, 567

U.S. at 472. Citing *Graham* and *Roper*, it found deterrence did not work in that context because juvenile characteristics such as immaturity, recklessness, and impetuosity make juveniles less likely to consider potential punishment. *Miller*, 567 U.S. at 472.

¶ 26	Later, in *Montgomery*, 577 U.S. at 212, the Supreme Court found *Miller* announced a new substantive rule of constitutional law that is retroactive on state collateral review. The *Montgomery* Court also emphasized life imprisonment without parole was unconstitutional "for all but the rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." *Montgomery*, 577 U.S. at 209. As to deterrence, the Court reiterated the aforementioned language in *Miller* regarding deterrence. *Montgomery*, 577 U.S. at 207.

¶ 27	In its most recent case on juvenile sentencing, *Jones v. Mississippi*, 593 U.S. ___, ___, 141 S. Ct. 1307, 1311 (2021), the Court held the defendant's eighth amendment argument "the sentencer must make a finding of permanent incorrigibility" before imposing a discretionary life without parole sentence was "inconsistent with the Court's precedents." The Court further explained the eighth amendment allows juvenile offenders to be sentenced to life without parole as long as the sentence is not mandatory and the sentencing court had discretion to consider youth and attendant characteristics. *Jones*, 593 U.S. at ___, 141 S. Ct. at 1314-15. It emphasized specific fact-finding was not required. *Jones*, 593 U.S. at ___, 141 S. Ct. at 1314-15. The Court did not address deterrence in the *Jones* decision.

¶ 28	Defendant asserts the circuit court read *Montgomery* too narrowly and *Montgomery* reiterated what the Supreme Court found in *Miller*, *Graham*, and *Roper*. While we agree *Montgomery* reiterated the earlier Supreme Court's comments on deterrence, we disagree the circuit court read the case too narrowly. Instead, it is defendant who reads the Supreme Court cases too narrowly. In doing so, he completely disregards *Jones*. In the aforementioned Supreme Court

cases, the Court was addressing the harshest sentences for juvenile offenders, *i.e.*, the death penalty and mandatory life without the possibility of parole. The Court did not address sentences that imposed less severe punishment like the sentence at issue in this case. Such punishments are more common, unlike the harsh penalties addressed in the Supreme Court cases. Moreover, even with the harshest of penalties, the Court did not foreclose the possibility of deterrence. See *Roper*, 543 U.S. at 572; *Graham*, 560 U.S. at 72. Rather, it concluded any deterrence did not justify the harshest punishment. *Roper*, 543 U.S. at 572; *Graham*, 560 U.S. at 72; *Miller*, 567 U.S. at 472; *Montgomery*, 577 U.S. at 207. Moreover, in *Jones*, 593 U.S. at ___, 141 S. Ct. at 1314-15, the Court emphasized in homicide cases the eighth amendment only prohibits *mandatory* life without parole. A sentencing court may impose life without parole on a juvenile as long as the court has the discretion to consider youth and its attendant characteristics. *Jones*, 593 U.S. at ___, 141 S. Ct. at 1314-15. Thus, a reading of all the Supreme Court cases on the subject shows the Supreme Court has never addressed juvenile sentences that are less serious than life imprisonment. Even with life imprisonment, the Supreme Court has placed no requirements or limitations on the sentencing court's discretion in sentencing juvenile offenders beyond requiring the consideration of youth and its attendant characteristics. Accordingly, we find the Supreme Court's decisions on sentencing juvenile offenders do not preclude the sentencing court from considering the deterrence of others as an aggravating factor in imposing a sentence on a juvenile offender.

¶ 29        Defendant cites two Illinois Appellate Court cases in support of his argument deterrence of others cannot be an aggravating factor for juvenile offenders. The first is *People v. Haynie*, 2020 IL App (1st) 172511, ¶¶ 22, 23, 25, 170 N.E.3d 1057, which addressed compliance with *Miller* for a *discretionary de facto* life sentence. As such, its analysis is questionable in light of *Jones*. The second case is *McKinley*, 2020 IL App (1st) 191907, ¶ 91, where the reviewing court

found the defendant's 39-year sentence was an abuse of discretion because the court disregarded evidence of the defendant's extensive rehabilitation and improperly considered certain sentencing factors. Regardless of *Haynie*'s continued validity after *Jones*, the reviewing court in both cases found the circuit court placed too much weight on deterrence. See *Haynie*, 2020 IL App (1st) 172511, ¶ 35 (noting "deterrence weighed heavily in the court's mind when it sentenced defendant"); *McKinley*, 2020 IL App (1st) 191907, ¶ 89 (stating "the trial judge gave improper weight to the need to deter future criminal conduct"). The decisions did not declare deterrence cannot be considered at all in sentencing juvenile offenders. Moreover, to the extent the two decisions may be so interpreted, for the reasons previously stated, we believe the Supreme Court cases on juvenile sentencing hold otherwise.

¶ 30        Accordingly, we hold sentencing courts can consider deterrence of others in imposing a discretionary sentence on a juvenile offender. Thus, in this case, the circuit court did not err by giving weight to that aggravating factor. Since we have found the consideration of the aggravating factor of deterrence of others is not prohibited for juvenile offenders, we need not address defendant's other argument the circuit court erred by finding its consideration of deterrence was supported by article I, section 11 of the Illinois Constitution (Ill. Const. 1970, art. I, § 11).

¶ 31                              III. CONCLUSION

¶ 32        For the reasons stated, we affirm the McLean County circuit court's judgment.

¶ 33        Affirmed.

**No. 4-20-0666**

| | |
|---|---|
| **Cite as:** | *People v. Smith*, 2022 IL App (4th) 200666 |
| **Decision Under Review:** | Appeal from the Circuit Court of McLean County, No. 00-CF-1349; the Hon. Scott D. Drazewski, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Catherine K. Hart, and Salome Kiwara-Wilson, of State Appellate Defender's Office, of Springfield, for appellant. |
| **Attorneys for Appellee:** | Don Knapp, State's Attorney, of Bloomington (Patrick Delfino, David J. Robinson, and Timothy J. Londrigan, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |